IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,

    vs.

J. SALTER, et al.,

    Defendants.

No. CIV S-06-2260 GEB KJM P

<u>ORDER AND</u>

<u>FINDINGS & RECOMMENDATIONS</u>

/

    Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendants Turner and Sims conspired to place a falsified rules violation report in his central file, to have him placed in administrative segregation, and to have him prosecuted by the local district attorney's office, all in retaliation for his litigation of <u>Cohea v. Pliler</u>, Civ. No. 00-2799 FCD EFB P. Complaint (Compl.) at 8-12. He alleges that defendant Salter also filed a falsified rules violation report against plaintiff, in retaliation for his exercise of his First Amendment rights to petition the government for redress of grievances. Compl. at 13-15. Finally, plaintiff alleges that defendants Kennedy and Salter conspired to place a falsified rules violation report in plaintiff's central file in order to prevent plaintiff from receiving a parole date and to impede his ability to assist other inmates with legal work, again in retaliation for his pending civil rights action. Compl. at 16-19.

Defendants Turner, Sims and Kennedy have filed a motion to dismiss, arguing that plaintiff did not exhaust administrative remedies prior to bringing the action against Kennedy and Salter, and that the action against Turner and Sims is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Although counsel for these defendants does not represent defendant Salter, he argues that the court may dismiss the action against Salter sua sponte based on plainitiff's admission that he did not exhaust administrative remedies.

Plaintiff has filed a motion for entry of default judgment against defendant Salter.

A.  Exhaustion Of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). Proper exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (addressing timeliness aspect of proper exhaustion).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look

beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119. In addition, defendants must prove that relief remained available, either at unexhausted levels of the grievance process or through awaiting the results of relief already granted. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

Defendants have submitted the declarations of M. Ouye, a custodian of central inmate files employed by the California Department of Corrections and Rehabilitation (CDCR), and T. Emigh, Assistant Director of the Inmate Appeals Branch. Mot. to Dismiss, Ex. A (Decl. of M. Ouye (Ouye Decl.)) ¶ 1 & Ex. B (Decl. of T. Emigh (Emigh Decl.)) ¶ 1. Ouye avers that a review of plaintiff's central file did not yield any grievances related to the incidents involving Kennedy and Salter in July 2004. Ouye Decl. ¶¶ 3-4. Emigh avers that a search of the records of the Inmate Appeals Branch showed that no grievance about these incidents were reviewed and answered at the Director's Level. Emigh Decl. ¶¶ 3-4.

### 1. The Rules Violation Report Of July 14, 2004

Plaintiff alleges that defendant Salter filed a false rules violation report, claiming that plaintiff had become disruptive while in the law library and that, as a result, plaintiff was escorted from the law library. Compl. at 14. Plaintiff alleges that on July 21, 2004, he prepared a grievance about this incident and that on August 4, 2004, he mailed the grievance to Salter's supervisor, Ms. Hamad. Compl. at 15. He further alleges that Salter intercepted the grievance and, as a result, his claims were not addressed. Id. In his opposition to the motion to dismiss, plaintiff further argues that because he was grieving a counseling chrono, he needed to pursue the grievance only through the second level of review. Opp'n at 5-6; see Cal. Code Regs. tit. 15, § 3312(a)(2) (custodial counseling chrono).

Plaintiff is correct that "a second level review shall constitute the department's final action on appeals of disciplinary actions classified as 'administrative' . . . and Custodial Counseling Chronos, CDC Form 128-A. . . ." Cal. Code Regs. tit. 15, § 3084.7(b)(1). However,

he has submitted nothing showing that what he called a "Rules Violation Report" in his complaint was actually a Counseling Chrono, as he now appears to claim. See Compl. at 4. Moreover, he has presented no evidence that he received a second-level response from the Warden to his grievance of this issue. He has not rebutted Ouye's assertion that plaintiff's central file does not contain a grievance relating to this incident.

Plaintiff offers an alternative argument in support of exhaustion: he alleges, in essence, that defendant Salter confiscated the grievance when plaintiff tried to mail it to Salter's supervisor and has not responded within the time limits established by Cal. Code Regs. tit. 15, § 3084.6(b). Compl. at 15; Opp'n at 6. "[W]hen prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' remedies under the PLRA." Whitington v. Ortiz, 472 F.3d 804, 807-08 (10th Cir. 2007); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedies are not available when prison officials have prevented an inmate from utilizing the grievance procedure). Under California regulations, a prisoner cannot proceed to the next level of the grievance process until the preceding level has been completed. Cal. Code Regs. tit. 15, § 3084.5.

Plaintiff's argument fails nevertheless. Neither plaintiff's complaint nor his opposition have been submitted under penalty of perjury; nor has he submitted any proof, such as mail logs, showing that he mailed the grievance to Salter's supervisor as he claims. He has not rebutted defendants' showing. Accordingly, this claim in the complaint is not exhausted and should be dismissed.

2. The Rules Violation Report Of July 21, 2004

Plaintiff alleges that defendant Kennedy filed a falsified rules violation report, based on plaintiff's alleged failure to obey an order, all stemming from plaintiff's being denied access to the law library, and that defendant Salter conspired with Kennedy by denying that plaintiff had been granted preferred legal user (PLU) status, as indicated by Kennedy in the

/////

1 report. Compl. at 17-18. These actions were undertaken to prevent plaintiff from continuing his
2 efforts to seek redress of grievances for himself and other inmates. Compl. at 16.
3      Plaintiff argues that grievance procedures were not available in this instance
4 because he was found not guilty of the rules violation, which means there was no adverse action
5 to grieve. Opp'n at 4-5.
6      In Booth, the Supreme Court recognized that for a remedy to be "available," there
7 must be the "possibility of some relief. . . ." 532 U.S. at 738. Relying on Booth, the Ninth
8 Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review
> once he has received all "available" remedies at an intermediate
> level of review or has been reliably informed by an administrator
> that no remedies are available.

Brown, 422 F.3d at 935. Plaintiff argues that the "not guilty" finding means there were no
remedies available because there was no adverse action to appeal.

One component of this claim, however, is plaintiff's claim that defendants
Kennedy and Salter acted in retaliation for and to prevent plaintiff's legal activities on behalf of
himself and others. Plaintiff does not allege or show, however, that he attempted to file a
grievance about the retaliation rather than the rules violation report. The retaliation claim is a
complaint about prison life subject to the exhaustion requirement of the PLRA. Lawrence, 304
F.3d at 200. Accordingly, this claim has not been exhausted.

B. Heck v. Humphrey

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not

5

>been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In Edwards v. Balisok, 520 U.S. 641, 643 (1997), the Court ruled Heck applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . . " A civil rights action challenging hearing procedures may be maintained if the result of the "disciplinary hearing or administrative sanction does not affect the overall length of the prisoner's confinement."  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, 541 U.S. 1063 (2004).  In addition, Heck does not bar a claim that disciplinary proceedings were undertaken in retaliation for an exercise of First Amendment rights.  Woods v. Smith, 60 F.3d 1161, 1164-65 (5th Cir. 1995).

In this case, plaintiff has pleaded that Turner and Sims conspired to place a falsified rules violation report in his central file in retaliation for his litigation in Cohea v. Pliler, Civ. No. 00-2799 FCD EFB P.  Compl. at 9.  Accordingly, this portion of the action may proceed.

C.  Plaintiff's Motion For Default Judgment

Plaintiff argues that defendant Salter was served on June 18, 2007.  The waivers of service filed by the U.S. Marshals service do not include one for defendant Salter and plaintiff has presented no additional evidence showing that she was served.  Moreover, in light of the determination that plaintiff has failed to exhaust his administrative remedies against defendant Salter, there is no longer a viable action against her.  Accordingly, there is no basis for entry of default.

/////

1  IT IS HEREBY ORDERED that plaintiff's November 1, 2007 request for entry of
2  default is denied.
3  IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted
4  as to defendants Kennedy and Salter but denied as to defendants Turner and Sims.  It is further
5  recommended that if the district court adopts these findings and recommendations the Marshal be
6  notified it no longer has any obligation to attempt to serve defendant Salter.
7  These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  December 11, 2007.

U.S. MAGISTRATE JUDGE

2

cohe2260.57