1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DANNY JAMES COHEA,

11              Plaintiff,                    No. CIV S-06-2260 GEB KJM P

12         vs.

13    J. SALTER, et al.,                      ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15    _____/

16              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17    42 U.S.C. § 1983.  He alleges that defendants Turner and Sims conspired to place a falsified

18    rules violation report (RVR) in his central file, to have him placed in administrative segregation,

19    and to have him prosecuted by the local district attorney's office, all in retaliation for his

20    litigation of Cohea v. Pliler, Civ. No. 00-2799 FCD EFB P.  Complaint (Compl.) at 8-12.  He

21    alleges that defendant Salter also filed a falsified RVR against plaintiff, in retaliation for his

22    exercise of his First Amendment rights to petition the government for redress of grievances.

23    Compl. at 13-15.  Finally, plaintiff alleges that defendants Kennedy and Salter conspired to place

24    a falsified RVR in plaintiff's central file in order to prevent plaintiff from receiving a parole date

25    and to impede his ability to assist other inmates with legal work, again in retaliation for his

26    pending civil rights action.  Compl. at 16-19.

                                                1

I. <u>Procedural History: Motion to Dismiss</u>

Defendants Turner, Sims and Kennedy filed a motion to dismiss, arguing among other things that plaintiff did not exhaust administrative remedies prior to bringing the action against Kennedy and Salter.

On December 13, 2007, the court recommended that the motion to dismiss filed by defendants Turner, Sims and Kennedy be denied as to Turner and Sims, but granted as to Kennedy and Salter.  The court agreed with counsel for the defendants that it could reach the claims about Salter even though she had not appeared in the action, based on the materials before the court.  In light of plaintiff's objections, filed January 14, 2008, the court vacates the findings and recommendations as to Salter.  Defendants have not replied to the objections.

II.  <u>Standards: Exhaustion</u>

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons."  18 U.S.C. § 3626(g)(2); <u>Smith v. Zachary</u>, 255 F.3d 446, 449 (7th Cir. 2001); <u>see also</u> <u>Lawrence v. Goord</u>, 304 F.3d 198, 200 (2d Cir. 2002).  Proper exhaustion of available remedies is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>Woodford v. Ngo,</u> ___ U.S. ___, 126 S. Ct. 2378 (2006) (addressing timeliness aspect of proper exhaustion).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

/////

1   A motion to dismiss for failure to exhaust administrative remedies prior to filing

2   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

3   1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  In

4   deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look

5   beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Defendants bear the

6   burden of proving plaintiff's failure to exhaust.  Id. at 1119.  In addition, defendants must prove

7   that relief remained available, either at unexhausted levels of the grievance process or through

8   awaiting the results of relief already granted.  Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir.

9   2005).

10   III. Analysis

11   Defendant submitted the declarations of M. Ouye, a custodian of central inmate

12   files employed by the California Department of Corrections and Rehabilitation (CDCR), and T.

13   Emigh, Assistant Director of the Inmate Appeals Branch.  Mot. to Dismiss, Ex. A (Decl. of M.

14   Ouye (Ouye Decl.)) ¶ 1 & Ex. B (Decl. of T. Emigh (Emigh Decl.)) ¶ 1.  Ouye avers that a

15   review of plaintiff's central file did not yield any grievances related to the incidents involving

16   Kennedy and Salter in July 2004.  Ouye Decl. ¶¶ 3-4.  Emigh avers that a search of the records of

17   the Inmate Appeals Branch showed that no grievances about these incidents were reviewed and

18   answered at the Director's Level.  Emigh Decl. ¶¶ 3-4.

19   Plaintiff alleges that defendant Salter filed a false RVR, claiming that plaintiff had

20   become disruptive while in the law library on July 10, 2004, and that, as a result, plaintiff was

21   escorted from the law library.  Compl. at 14.  Plaintiff alleges that on July 21, 2004, he prepared

22   a grievance about this incident and that on August 4, 2004, he mailed the grievance to Salter's

23   supervisor, Ms. Hamad.  Compl. at 15.  He further alleges that Salter intercepted the grievance

24   and, as a result, his claims were not addressed.  Id.  In his opposition to the motion to dismiss,

25   plaintiff further argues that because he was grieving a counseling chrono, he needed to pursue the

26   grievance only through the second level of review.  Opp'n at 5-6; see Cal. Code Regs. tit. 15,

3

§ 3312(a)(2) (custodial counseling chrono).  He has provided a copy of the counseling chrono as part of Exhibit A to his objections.

Plaintiff is correct that "a second level review shall constitute the department's final action on appeals of disciplinary actions classified as 'administrative' . . . and Custodial Counseling Chronos, CDC Form 128-A. . . .," see Cal. Code Regs. tit. 15, § 3084.7(b)(1), but he has not presented any evidence that he received a second-level response from the Warden to his grievance of this issue.  He alleges that defendant Salter confiscated the grievance when it was sent to her office for informal resolution and did not return it.

In the original findings and recommendations, the court found that the complaint was not submitted under penalty of perjury.  In his objections, plaintiff pointed out that on the final page of the complaint, he has included a verification along with his certificate of service. In the complaint, then, plaintiff declares that his appeal of the falsified RVR (not chrono) was mailed to Salter's supervisor, but was intercepted by Salter.  Compl. at 15.  In his objections, plaintiff asserts that he submitted a grievance to institutional staff on July 21, 2004, that it was given a log number, that the unnamed officer who received the grievance mailed it to Salter's supervisor for the informal level response and that it was never returned.  Objections at 9.

In Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), the Court of Appeals recognized that administrative remedies are not available when prison officials prevent an inmate from utilizing the grievance procedure.  Under California regulations, a prisoner cannot proceed to the next level of the grievance process until the preceding level has been completed.  Cal. Code Regs. tit. 15, § 3084.5.  Specifically, "evidence of an attempt to obtain informal level review is required before an appeal may be accepted for formal review."  15 Cal. Code Regs. § 3084.5 (a)(1); see Brown, 422 F.3d at 929-30.  Accordingly, because plaintiff has averred that his original grievance form showing the attempt at informal resolution was not returned to him, the court declines to recommend that defendant Salter be dismissed from the case at this time. /////

1    Accordingly, IT IS HEREBY ORDERED that the findings and recommendations

2 of December 13, 2007 (docket no. 20) are vacated only insofar as they recommend that defendant

3 Salter be dismissed from the case in relation to the claim stemming from the incident on July 10,

4 2004 and the resulting rules violation report/chrono of July 14, 2004, but not in any other respect.

5    IT IS HEREBY RECOMMENDED that:

6    1.  Insofar as the motion to dismiss (docket no. 15) is deemed to have been

7 brought on behalf of defendant Salter that it be denied as to the incident of July 10, 2004 and the

8 resulting rules violation report/counseling chrono issued on July 14, 2004; and

9    2.  The motion to dismiss (docket no. 15) otherwise be granted as to defendant

10 Kennedy and denied as to defendants Turner and Sims.

11    These findings and recommendations are submitted to the District Judge assigned

12 to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being

13 served with these findings and recommendations, a party may file written objections with the

14 court.  The document should be captioned "Objections to Magistrate Judge's Findings and

15 Recommendations." The parties are advised that failure to file objections within the specified

16 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

17 (9th Cir. 1991).

18 DATED:  February 28, 2008.

19

20 _____

21 U.S. MAGISTRATE JUDGE

22 2

23 cohe2260.57(2)

24

25

26

5