IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

        Plaintiff,                        No. CIV S-06-2260 GEB KJM P

    vs.

J. SALTER, et al.,

        Defendants.                ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff's motion to compel discovery (docket no. 48) and motion for extension of time to file an opposition to the motion for summary judgment (docket no. 50) are before the court.

        By order of September 8, 2008, the court granted the plaintiff's ex parte motion to extend discovery until November 11, 2008. See Order (docket no. 41). The order stated that any motions to compel discovery were to be filed by that date. See id. The order also referred the parties to the court's prior order prescribing the progress of discovery, wherein the court stated that "[f]iling of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion." Order (docket no. 27).

/////

1

1 | Plaintiff did not serve any discovery requests or notice any depositions after he
2 | was granted an extension of time in which to conduct discovery. Defendants timely filed their
3 | motion for summary judgment on December 11, 2008. On January 26, 2009, plaintiff was
4 | granted an additional ninety days in which to file an opposition to the motion for summary
5 | judgment. See Order (docket no. 46). About six weeks later, plaintiff filed the instant motion to
6 | compel without having first served any discovery requests on defendants. Evidently he served
7 | discovery requests concurrently with the motion.

In the motion to compel, plaintiff purports to be "in compliance with the court's January 26, 2009 [order] to file an opposition to summary judgment." Mot. at 1. He is not in compliance, however. Although the plaintiff's motion for additional time referred to "discovery to be had pursuant to F.R.C.P. 56(f)," the order allowing additional time made clear the time was for the filing of an opposition. Moreover, even if the January 26 order had allowed more time to conduct discovery, plaintiff has not proceeded as contemplated by the Federal Rules. He has filed a motion to compel responses to discovery that defendants did not receive prior to the motion's filing. A motion to compel discovery is invalid if it is not preceded by service of discovery requests and a good faith attempt to elicit responses from the opposite party. See Fed. R. Civ. P. 37(a)(3)((B)(iii) (stating that a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33"). The instant motion to compel is not only untimely, it is unenforceable.

The plaintiff's invocation of Rule 56(f) also is misplaced. As defendants rightly point out in their response to the motion to compel, Rule 56(f) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." Burlington Northern Santa Fe R.R. v. Assiniboine & Sioux Tribes, 323 F.3d 767, 773 (9th Cir. 2003) (citation omitted). The court's discretion to re-open discovery under Rule 56(f) is reserved for a party who has "diligently pursued its previous discovery opportunities" and "can show how allowing additional discovery would ... preclude summary judgment."

2

Panatronic USA v. AT&T Corp., 287 F.3d 840, 846 (9th Cir.2002). Here, the original discovery period was four months long. The plaintiff then sought and received a sixty-day extension of the discovery period and did nothing during that time. He then waited over a month after the filing of the motion for summary judgment to seek an extension of time in which to file an opposition, and another six weeks lapsed before the instant motion to compel was filed. Because plaintiff has never diligently pursued his right to obtain discovery while the time for doing so was open, he is not due yet another chance under Rule 56(f) now that the time is closed. The motion to compel shall be denied.

As for the new motion for additional time in which to file an opposition to the motion for summary judgment, the motion shall be granted only for the purpose of effecting the efficient resolution of the motion for summary judgment. Plaintiff shall be given fourteen days from the entry of this order in which to file an opposition. No additional time for filing an opposition shall be granted except for good cause shown. Any attempt to receive additional extensions through any means not supported by good cause may subject plaintiff to sanctions, including dismissal of this action. Defendants shall file their reply, if any, within seven days of service of the opposition.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel (docket no. 48) is denied;

2. The motion for extension of time to file an opposition to the motion for summary judgment (docket no. 50) is granted. Plaintiff has fourteen days from the entry of this order in which to file an opposition only. No additional time for filing an opposition shall be granted except for good cause shown. Any attempt to receive additional extensions through any means not supported by good cause may subject the plaintiff to sanctions, including dismissal of this action; and

/////

/////

1         3. The defendants shall file their reply, if any, within seven days of service of the
2 opposition.
3 DATED: April 28, 2009.

_____
U.S. MAGISTRATE JUDGE

4
cohe2260.compel