1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,

11              Plaintiff,                    No. CIV S-06-2260 GEB KJM P

12        vs.

13   J. SALTER, et al.,

14              Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17   Plaintiff alleges that defendants D. Turner and L. Sims, correctional officers at California State

18   Prison-Sacramento (CSP-S), conspired to file a false rule violation report (RVR) against plaintiff

19   in retaliation for his exercise of his First Amendment right to file a civil rights complaint.

20   Defendants Turner and Sims have moved for summary judgment.

21   I.    Factual Background

22              On July 11, 2003, plaintiff filed a second amended complaint in Cohea v. Pliler, et

23   al., Civil Action No. 2:02-cv-2799 FCD EFB (E.D.Cal.), alleging that defendant Sims had

24   conspired with another correctional officer to charge plaintiff with a false disciplinary report for

25   indecent exposure, in retaliation for plaintiff's filing grievances concerning access to the prison

26   /////

1  law library.  Defendants' Undisputed Fact (DUF) 5.  Sims waived service of that complaint in

2  October 2003.  Id.

3          In this lawsuit, plaintiff alleges that the complaint in Cohea v. Pliler prompted

4  Sims to continue his retaliatory actions.  Plaintiff alleges that on April 24, 2004, some six months

5  after Sims waived service in that action, Sims stated to plaintiff, "I received your lawsuit, think

6  you're a big man, don't you? ... I'll see how big of a man you are by the end of the day today."

7  Compl. at 9.  Plaintiff avers that "about ten minutes later" he saw Sims talking to defendant

8  Turner "but defendants Sims and Turner didn't see plaintiff watching them talking."  Id.  Plaintiff

9  does not say he could overhear their conversation.

10          Five days later, on April 29, Turner was on duty as a floor officer on plaintiff's

11  cell block, passing out beverages to inmates.  Id. at 10.  According to the RVR Turner later filed,

12  she approached plaintiff's cell and saw him stand and expose his erect penis through his boxer

13  shorts, then approach the cell and ask her for a beverage.  Decl. Of M. Atkins [in Supp. Mot. For

14  Summ. J. (MSJ)] (Atkins Decl.), Attach. 1 at 9.  Turner reported that she told plaintiff to cover

15  himself and that his behavior was unacceptable.  Id.  She further reported that she returned to

16  plaintiff's cell twenty minutes later and observed plaintiff lying on his bunk with his boxers

17  pulled down around his thighs.  Id.  According to Turner's disciplinary report, plaintiff held his

18  erect penis in his right hand and  "made direct eye contact with me and made no attempt to cover

19  his exposed genitals."  Id.

20          Turner filed a single RVR for both incidents, and plaintiff was charged with

21  indecent exposure, in violation of prison rules.  A disciplinary hearing was held, at which

22  plaintiff denied all material allegations of the RVR.  Id. at 9-10.  Plaintiff had the opportunity to

23  question Turner about the incident, and she repeated her allegations concerning his misconduct.

24  Id. at 10.  Sims was not present at the hearing, nor do any prison documents on record show that

25  he had any involvement in the filing of the charge.  Plaintiff was found guilty at the hearing and

26  assessed 150 days of lost good time credit for committing a Division B offense.  Id. at 11.  The

2

1   offense was later amended to Division D and the penalty reduced to a loss of 90 days of good

2   time credit.[1]  Id.

3          In the instant suit, plaintiff maintains that the allegations of indecent exposure

4   were entirely fabricated.  He brings a single claim against Sims and Turner, alleging that they

5   conspired to file a false RVR against him in retaliation for the civil complaint that plaintiff

6   brought against Sims in 2003.  Plaintiff seeks damages and injunctive relief.  Compl. at 20-22.

7   Defendants have moved for summary judgment.

8   II.    Standard of Review for Summary Judgment

9          Summary judgment is appropriate when the movant demonstrates that there exists

10  "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

11  matter of law."  Fed. R. Civ. P. 56(c).

12              Under summary judgment practice, the moving party
                always bears the initial responsibility of informing the district court
13              of the basis for its motion, and identifying those portions of "the
                pleadings, depositions, answers to interrogatories, and admissions
14              on file, together with the affidavits, if any," which it believes
                demonstrate the absence of a genuine issue of material fact.

15
16  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

17  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

18  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

19  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

20  after adequate time for discovery and upon motion, against a party who fails to make a showing

21  sufficient to establish the existence of an element essential to that party's case, and on which that

22  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

23  concerning an essential element of the nonmoving party's case necessarily renders all other facts

24  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

25          [1] Plaintiff was placed in administrative segregation on the same day of the exposure
        incidents.  Compl. at 10-11.  He was released from administrative segregation the next day.
26      Opp'n at 34-35; Atkins Decl., Attach. 1at 19.

1  whatever is before the district court demonstrates that the standard for entry of summary

2  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

3          If the moving party meets its initial responsibility, the burden then shifts to the

4  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

5  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

6  establish the existence of this factual dispute, the opposing party may not rely upon the

7  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

8  form of affidavits, and/or admissible discovery material, in support of its contention that the

9  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

10 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

11 of the suit under the governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

12 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

13 1987).  The opposing party must also demonstrate that the dispute is genuine, i.e., that the

14 evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool

15 v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

16         To establish the existence of a factual dispute, the opposing party need not

17 establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

18 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

19 trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

20 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

21 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

22 amendments).

23         In resolving the summary judgment motion, the court examines the pleadings,

24 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

25 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

26 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

1    court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

2    Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

3    produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

4    Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

5    1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

6    show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

7    as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

8    'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

9            On May 7, 2007, the court advised plaintiff of the requirements for opposing a

10   motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

11   F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

12   III.    Heck and Edwards Analysis

13           Defendants argue that this action is barred by the rule articulated in Heck v.

14   Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court ruled that a § 1983 action that

15   would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable

16   unless the plaintiff can show his conviction has been reversed.  Id. at 486-87.  In Edwards v.

17   Balisok, 520 U.S. 641, 643 (1997), the Court ruled that Heck applied to actions "challenging the

18   validity of the procedures used to deprive an inmate of good-time credits. . . . "  A challenge to

19   the purported use of doctored or altered information that leads to the loss of credits falls within

20   the rule of Heck-Edwards.  Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

21           Defendants previously argued that this action is barred by Heck and Edwards

22   when they moved for dismissal under Rule 12(b)(6).  See Defs' Mot. to Dismiss (Docket no. 15)

23   at 4-5.  In addressing this argument, the court initially found this action could proceed, stating

24   that "Heck does not bar a claim that disciplinary proceedings were undertaken in retaliation for

25   an exercise of First Amendment rights."  See Order & Findings and Recommendations (Docket

26   no. 20) at 6.  By pressing the argument again in their motion for summary judgment, defendants

1    effectively ask the court to revisit an issue that is now law of the case, though they have never

2    formally moved for reconsideration.[2]

3                    "The law of the case doctrine provides that 'a court is generally precluded from

4    reconsidering an issue that has already been decided by the same court, or a higher court in the

5    identical case.'" United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir.1998) (citation omitted).

6    "While courts are generally urged to adhere to this doctrine, it is 'not an inexorable command.'

7    That is, the doctrine 'is discretionary, not mandatory' and is in no way 'a limit on [a court's]

8    power.'" City of Los Angeles, Harbor Division v. Santa Monica Baykeeper, 254 F.3d 882, 888

9    (9th Cir. 2001) (citations omitted).  "'[A]s long as a district court has jurisdiction over the case,

10   then it has the inherent procedural power to reconsider, rescind, or modify an interlocutory order

11   for cause seen by it to be sufficient.'" Id. at 889 (citation omitted).  A court has discretion to

12   depart from the law of the case if "(1) the first decision was clearly erroneous; (2) an intervening

13   change in the law has occurred; (3) the evidence on remand is substantially different; (4) other

14   changed circumstances exist; or (5) a manifest injustice would otherwise result." Cuddy, 147

15   F.3d at 1114 (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)).

16                   The court, exercising its discretion to reconsider the issue, finds an error in its

17   initial analysis of the applicability of Heck and Edwards to this case.  In ruling on the motion to

18   dismiss, the court relied on Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), in which the Fifth

19   Circuit stated that "favorable termination is not a requisite of a retaliatory interference claim"

20

21          [2] In a footnote to their motion for summary judgment, defendants state that when the
     court initially rejected their Heck-Edwards argument, they "did not object at the time because
22   there was a factual question at that stage of the action whether the lost credits had been restored
     so as to bring the Edwards rule into play...." MSJ at 5 n.1.  Defendants do not point out what
23   important factual question has now been resolved that would warrant reconsidering the Heck-
     Edwards issue.  As defendants submit in their list of undisputed facts, plaintiff's grievance
24   alleging Turner falsified her RVR was denied at the final level of administrative appeal on
     January 3, 2005 – over a year before this suit was filed.  DUF 10.  Moreover, defendants' initial
25   Heck-Edwards argument for dismissal necessarily rested on the facts as pled, not on unanswered
     factual questions.  Defendants frame the issue the same way in support of summary judgment:
26   "[t]he complaint does not allege, and Cohea's records show[,] that the April 29, 2004
     disciplinary action has not been reversed and the lost good-time credits restored."  DUF 11.

brought under § 1983.  <u>Woods</u>, 60 F.3d at 1164.  However, <u>Woods</u> drew a distinction between a

claim where "the focus of [the] action is the underlying merit of the underlying proceeding" and

the retaliation claim that was before the Fifth Circuit, which "focuse[d] on the interference,

asking only whether there has been an obstruction of the exercise of a constitutional right."  <u>Id.</u> at

1165.  Here, plaintiff's claim belongs to the former class of cases.  The claim against Turner and

Sims hinges on whether the RVR they allegedly conspired to file was false.  Plaintiff from the

beginning protested his innocence in answering Turner's report of indecent exposure, and he

pursued and exhausted his own prison grievance claiming that Turner had fabricated the two

incidents for which he was disciplined with a loss of good time credit.  He has never claimed that

defendants retaliated against him by filing a disciplinary report for something he actually did;

rather, he has always claimed that they retaliated by filing a disciplinary report for something that

never happened.  The only way to prevail on such a claim would be to show that his version of

events was true and the RVR was false.  Such a showing "would, if established, necessarily

imply the invalidity of the deprivation of his good-time credits."  <u>Edwards</u>, 520 U.S. at 646.[3]

      Therefore the court, exercising its discretion to reconsider its previous

determination regarding the applicability of <u>Heck</u> and <u>Edwards</u>, concludes that plaintiff's § 1983

claim against defendants Turner and Sims is barred under those cases until the plaintiff is able to

show that the underlying disciplinary charge, with the resulting loss of good time credit, has been

invalidated through available avenues of relief such as a petition for writ of habeas corpus.  <u>See</u>

<u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004).  The claims against Turner and Sims should be

---

[3] The allegations in <u>Edwards</u> were not inapposite from the allegations <u>sub judice</u>.  In
<u>Edwards</u>, the plaintiff claimed due process violations occurred in his prison disciplinary hearing
when exculpatory evidence was excluded due to the alleged "deceit and bias of the hearing
officer himself."  <u>Id.</u> at 647.  The Court concluded that such allegations "necessarily imply the
invalidity of the punishment imposed."  <u>Id.</u> at 648.  This court has previously reached the same
conclusion in other cases where a plaintiff also sought damages for being punished on the basis
of allegedly false disciplinary charges that had not been overturned.  <u>See</u>, <u>e.g.</u>, <u>Plasencia v.
Stump</u>, 2006 WL 2473617 (E.D.Cal.) (Findings and Recommendations later adopted in full);
<u>Gregory v. Ayers</u>, 2006 WL 548444 (E.D.Cal.) (same).

1   dismissed without prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.

2   1995) (claims barred by Heck should be dismissed without prejudice).

3            Finally, defendant Salter has neither joined the motion for summary judgment, nor

4   independently moved for dismissal of the claim alleged against her.  Therefore the court should

5   set a date for trial on that claim.

6            Accordingly, IT IS HEREBY RECOMMENDED that:

7            1.   The motion for summary judgment (docket no. 44) be granted;

8            2.   The claim against defendants Turner and Sims be dismissed without

9   prejudice; and

10           3.   The court set a date for trial on the claim alleged against defendant Salter.

11           These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13   days after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16   shall be served and filed within ten days after service of the objections.  The parties are advised

17   that failure to file objections within the specified time may waive the right to appeal the District

18   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED:  September 25, 2009.

20

21   _____

22   U.S. MAGISTRATE JUDGE

23

24

25

26   4
     cohe2260.57.wpd