1
2
3
4
5
6
7
8                 IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,

11              Plaintiff,              No. CIV S-06-2260 GEB KJM P

12         vs.

13   J. SALTER, et al.,                ORDER AND

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16         Plaintiff is a prisoner proceeding pro se with an action under 28 U.S.C. § 1983.

17   On September 28, 2009, the undersigned recommended that the motion for summary judgment

18   filed by defendants Turner and Sims be granted and that a trial date be set for the claims alleged

19   against defendant Salter.  See Docket No. 56.  The Attorney General, who represents defendants

20   Sims and Turner, subsequently informed the court that in fact defendant Salter had never been

21   served in this case and therefore the Attorney General's office could not represent her at trial or

22   in any other matter regarding this case.

23         The court ordered the U.S. Marshal to serve Salter, along with defendants Sims,

24   Tuner and Kennedy, at an early stage in this case.  See Docket No. 12.  Moreover, the docket

25   /////

26   /////

1

reflects that Salter is represented by the Attorney General.  In its motion to reconsider, the

Attorney General's office explained:

> Defendants Kennedy, Sims and Turner requested representation by the Attorney General who returned waivers of service on their behalf.  (CR 14-15.)  In moving to dismiss, defendants advised the Court that it could dismiss the claims against Salter sua sponte, even though she had not been served or appeared.  (CR 15, p. 3, n.1.)  While that motion was pending, Cohea moved for default against Salter.  (CR 19.)
>
> On December 13, 2007, the magistrate judge recommended that dismissal be denied as to the claims against Turner and Sims, but granted as to Kennedy and sua sponte as to Salter for failure to exhaust administrative remedies.  (CR 20.)  The magistrate judge also recommended that Cohea's default request be denied and that the U.S. Marshal be advised that further attempts to serve Salter were unnecessary.  (*Id.*)  After Cohea objected, the magistrate judge reconsidered and vacated the recommended dismissal of the claims against Salter, and the Court adopted the findings and recommendations.  (CR 24.)  Sims and Turner then answered.  (CR 25, 33.)  The clerk's record docket, however, does not show that the U.S. Marshal then attempted to serve Salter, and there is nothing in the docket showing that Salter has been served and answered.
>
> When defendants Sims and Turner moved for summary judgment, Salter's name was inadvertently included in the case caption among the defendants represented by the Attorney General, even though [Salter] had not been served or authorized representation.  (CR 44.)  That error occurred because the case management/word processing system automatically included all defendants that the court had ordered served, and defendants' attorney did not notice that Salter had been added to the caption.  The Clerk apparently then indicated that Salter was represented by the Attorney General because her name appeared in the caption of that document.  That same error was repeated in several other documents.

Mot. (Docket No. 56) at 2.

These circumstances were compounded by a misreading of the court's initial

findings and recommendations of December 13, 2007.  There, the court recommended that the

claims against Salter be dismissed despite her having not been served and that "<u>if</u> the district

court adopts these findings and recommendations the Marshal be notified it no longer has any

obligation to attempt to serve defendant Salter."  Docket No. 20 at 7 (emphasis added).  The

initial recommendation of dismissal was never adopted because, as the Attorney General

correctly notes, the findings and recommendations of December 13, 2007, were vacated on

February 29, 2008.  See Docket No. 24.  The Marshals' service therefore should have continued

its efforts to serve defendant Salter pursuant to the court's order of May 7, 2007; however, it

appears that the initial recommendation obviating those efforts was prematurely effected and has

stayed in place until now.

       The time for service of process in a civil case is defined in Federal Rule of Civil

Procedure 4(m).  It states, in pertinent part:

       If a defendant is not served within 120 days after the complaint is
       filed, the court – on motion or on its own after notice to the
       plaintiff – must dismiss the action without prejudice against that
       defendant or order that service be made within a specified time.
       But if the plaintiff shows good cause for the failure, the court must
       extend the time for service for an appropriate period.

The court need not require plaintiff to show good cause for extending the time for serving

defendant Salter because, as detailed above, good cause is already apparent from the Attorney

General's explanation and the court's own inquiry.  Therefore the court will extend the time for

service and order the U.S. Marshal to resume attempts to serve defendant Salter, pursuant to the

court's order of May 7, 2007 (Docket No. 12).  The recommendation that the claims against

Salter be set for trial shall be vacated.  The initial findings and recommendations that the claims

against Sims and Turner should be dismissed because they are barred by Heck v. Humphrey, 512

U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) are fully reasserted herein.  See

Docket No. 55.

       Accordingly, IT IS HEREBY ORDERED that:

       1.    The U.S. Marshal resume attempts to serve defendant Salter pursuant to the

court's May 7, 2007 order (Docket No. 12); and

/////

/////

2.    The findings and recommendations of September 28, 2009 (Docket No. 55) are vacated only insofar as they recommend that a date be set for trial of claims alleged against defendant Salter.

IT IS HEREBY RECOMMENDED that:

1.    The motion for summary judgment (docket no. 44) be granted; and

2.    The claim against defendants Turner and Sims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 23, 2009.

_____
U.S. MAGISTRATE JUDGE

4
cohe2260.57(2)