IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,          No. 2:06-cv-2260 GEB KJN P

  vs.

J. SALTER, et al.,

    Defendants.      <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's March 15, 2010 application for service of process for defendant Salter. Dkt. No. 65.

      On January 15, 2010, the court provided plaintiff with service forms and ordered plaintiff to complete the forms and return them to the court so defendant Salter could be served. It appears that the U.S. Marshal was unable to locate defendant Salter.

      Plaintiff attempted to obtain the records for former employees through California Department of Corrections and Rehabilitation (CDCR) to find defendant's address. Dkt. No. 65. Plaintiff indicates that CDCR would not process his request as CDCR cannot divulge such private information.

      Plaintiff then contacted counsel for the other defendants who had already been

served, seeking to find defendant Salter's address.[1]  On March 2, 2010, counsel for these defendants indicated that defendant Salter is no longer employed by CDCR or the State of California and *defendants* do not have information as to a current employment or residential mailing address for defendant Salter.  Dkt. No. 63 (emphasis added).

Plaintiff seeks judicial intervention for the court to obtain the address from CDCR.  However, it is not clear if counsel for defendants attempted to obtain the address for defendant Salter from CDCR or merely inquired with the individual defendants who work for CDCR.

Rather than the court attempt to order CDCR to search for the address, it seems more efficient to initially ascertain whether counsel for defendants already inquired with CDCR.  If counsel has in fact already requested this information from CDCR with no success, counsel may indicate that fact.  The court is aware that counsel for defendants is no longer assigned to this case, as those defendants were dismissed, but a clarification of the March 2, 2010 response would be useful.

Accordingly, IT IS HEREBY ORDERED that within 21 days counsel inquire with CDCR regarding defendant Salters address and provide the address to the court *in camera*.  If counsel has already requested this information they may simply indicate that fact.

DATED:  April 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cohe2260.ord

---

[1] These defendants were dismissed from this action without prejudice on March 16, 2010. Dkt. No. 64.

2