IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                    No. 2: 06-cv-2260 GEB KJN P

    vs.

J. SALTER, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. The remaining defendant is J. Salter. On January 14, 2011, plaintiff was ordered to show cause why this action should not be dismissed because defendant Salter cannot be served. On February 9, 2011, plaintiff filed a response to the show cause order. For the following reasons, the undersigned recommends that this action be dismissed.

        On November 23, 2009, the U.S. Marshal was ordered to resume attempts to serve defendant Salter. On December 29, 2009, service was returned unexecuted. The USM-285 form returned by the U.S. Marshal stated that personal service at a confidential home address on November 30, 2009 was unsuccessful.

        On April 30, 2010, defense counsel was ordered to inquire with the California Department of Corrections and Rehabilitation ("CDCR") regarding defendant Salter's address

and to provide that address to the court *in camera*. On May 6, 2010, defense counsel filed, under seal, a document containing a private address for defendant Salter. On June 2, 2010, the U.S. Marshal was ordered to attempt service of defendant Salter at the address provided by defense counsel on May 6, 2010.

On January 6, 2011, service on defendant Salter was again returned unexecuted. The USM-285 form returned by the U.S. Marshal states that no response was received after the form was mailed to the address provided by defense counsel under seal. When personal service was then attempted, the current resident of the address stated that defendant Salter did not live there and he did not know him.

The show cause order directed plaintiff to show cause why this action should not be dismissed because all attempts at service of defendant Salter have failed. In his response, plaintiff first objects to the amount of time it has taken to attempt service of defendant Salter. Plaintiff also suggests that the address provided by defendants *in camera* for defendant Salter was incorrect. Plaintiff also requests that defendants be ordered to obtain defendant Salter's address from the Internal Revenue Service, the Social Security Administration or the Federal Deposit Insurance Corporation.

The record indicates that defendants' counsel made a good faith effort to obtain defendant Salter's last known address. The undersigned has no authority to order defendants to conduct a further investigation into the location of defendant Salter. While there has been some delay in the attempts to serve this defendant, all reasonable attempts to locate defendant Salter and effect service have now been made. For these reasons, the undersigned recommends that the claims against defendant Salter be dismissed as he cannot be served.

Accordingly, IT IS HEREBY RECOMMENDED that the claims against defendant Salter be dismissed because he cannot be served.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   March 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coh2260.dis